No. 683

## BUCKEYE STATE BLDG. & LOAN CO. v. BROWNE et.

Ohio Appeals, 3rd Dist., Marion Co.

No. 669. Decided July 20, 1927.

**787.—MORTGAGES—Extension of time of payment of notes secured by mortgage does not relieve maker, or other former owners who assumed and agreed to pay.**

First Publication of this Opinion

HUGHES, J.

The petition shows that in 1919, plaintiff took from defendant Howard and Marie Stevens a promissory note secured by a real estate mortgage. That thereafter, in the same year, defendants Ezekiel Browne and Ambrose Baldwin purchased this real estate from Stevens, assuming and agreeing to pay said note as part of the consideration therefor, and that they afterwards sold to other defendants who afterwards sold, on like terms, to the defendants Adam and John Walton. It is then averred that in 1924 the defendants Adam and John Walton made an agreement with the plaintiff for an extension of the time within which said note might be paid.

This extension agreement describes the original obligation and mortgage and provides that, at the request of the Waltons, the time for payment of the balance due on the principal of the note is extended, making the same fall due in partial payments, subject, however, to all terms and conditions of the mortgage and of the note or notes secured thereby, except as otherwise provided in this agreement. Special reference is made to the original obligation which is confirmed, and the validity of the same, it is agreed by the Waltons, shall subsist and all provisions contained therein except as modified by this agreement, shall continue until the mortgage debt, with interest, shall be fully paid, convenanting further to fully perform all the agreements and conditions in the mortgage or the note, and obligating themselves to pay interest at the rate of six and one-half per cent. Action was brought against all the parties above mentioned, and judgment is prayed against all defendants.

Howard and Marie Stevens, who are the original signers of the note and mortgage, and Ezekiel Browne and Ambrose Baldwin, who are the first grantees of the real estate covered by the mortgage, filed a general demurrer to this petition which was sustained by the court below upon the theory that the petition showed, as a matter of law, that there had been a novation and that plaintiff had released these demurring defendants from any further obligation under the note and mortgage.

All that can be said tending to excuse these defendants, is the averment that by a contract entered into between the plaintiff, and the present owner of the real estate, who also assumed and agreed to pay the note and mortgage, an extension of time of payment was made at a rate of interest higher than was originally called for in the note. There was nothing in this agreement which worked to the disadvantage or detriment of either of these defendants nor is there any language indicating an intention to affect plaintiff's right to pursue them. Their obligation is still in force and effect. Under the reasoning and principle pronounced in the case of University v. Manning, 65 OS. 138, we entertain no doubt but that the petition states a good cause of action against the defendants and that the demurrer should have been overruled.

Before Judges Crow, Hughes and Justice.

Attorneys—Wilson & Rector, Columbus, for Building & Loan Co.; Crow & Williamson, Marion, for Browne et.

## NEW CASES DOCKETED

Browne v. Jackson............................ 20745
Commonwealth Bk. & Tr. Co. v. Smith Oby Co.... 20744
Dayton Light & Power Co. v. Shade et.......... 20746
Hamilton (City) et v. DeArmond................ 20743
Kennedy v. Walcutt............................ 20747
Pure Oil Co. v. White......................... 20749
Ratnour et v. Fissell......................... 20748
Spitzer et v. Mass. Institute................. 20742

### AUGUST 27, 1927

20742—Sidney Spitzer, et v. Massachusetts Institute of Technology; motion for Lucas Appeals to certify. Fraser, Hiatt, Wall & Effler, Toledo, for pltff; Chas. A. Seiders, Toledo, for deft.

20743—City of Hamilton, S. H. Kinzer, Treasurer of Butler County, H. J. Long, Auditor of Butler County, v. David H. DeArmond, Trustee; motion for Butler Appeals to certify. Koehler & Ziliox, Hamilton, for pltff; P. Scudder, Hamilton, for deft.

### AUGUST 31, 1927

20744—Commonwealth Banking & Trust Co. v. Smith Oby Co.; record certified for review and final determination by Cuyahoga Appeals. Dustin, McKeehan, Merrick & Stewart, Cleveland, for the pltff; Stearns, Chamberlain & Rayon, Cleveland, for deft.

### SEPTEMBER 1, 1927

20745—George E. Browne v. George Jackson; motion for Fayette Appeals to certify. F. S. Bonham, Cincinnati, for pltff; Bush & Clybourn, Washington C. H., for deft.

20746—Dayton Light & Power Co. v. Malinda Shade and Farmers Mutual Fire Ins. Assn.; motion for Montgomery Appeals to certify. Matthews & Matthews, Dayton, for pltff; Rhotehamel, Jacobson & Allaman, Dayton, for defts.

20747—Raymond R. Kennedy, Executor of Estate of Claudius M. Kennedy, deceased, v. Susie Kathryn Walcutt; motion for Hancock Appeals to certify. Axline & Pendleton, Findlay, for pltff; Fuller, Dunn & Dunn, Findlay, for deft.

20748—Irving H. Ratnour et v. Minnie Fissell; motion for Hamilton Appeals to certify. Meyers & Schwartz, Cincinnati, for pltff; Hackett & Sparks, Cincinnati, for deft.

### SEPTEMBER 2, 1927

20749—Pure Oil Co. v. George E. White; motion for Clark Appeals to certify. C. V. Campbell, Columbus, and J. L. Zimmerman, Springfield, for pltff; Martin & Corry, Springfield, for deft.

## TABLE OF CASES
## REPORTED IN THIS ISSUE

Atkin, et v. Leitner, OA. 5 Abs. 602.

Barkocy v. Bakonyi, OA. 5 Abs. 595.

Buckeye State Bldg. & Ln. Co. v. Browne, et, OA. 5 Abs. 603.

Detroit & I. Rd. Co. v. Wahl, et, OA. 5 Abs. 600.

Gucciardo v. Gucciardo, OA. 5 Abs. 597.

Hooker Co. v. Republic Fin. & Mtge. Co., OA. 5 Abs. 601.

Johnson Maple Syrup Co. v. Grosvenor, OA. 5 Abs. 597.

Johnston Paper Co. v. Globe Register Co. OA. 5 Abs. 598.

Kirschner v. Szabo, OA. 5 Abs. 602.

Martin, et v. Fisher, OA. 5 Abs. 596.

McCollum v. Brant, OA. 5 Abs. 594.

Schneider v. Collet (on appeal), OA. 5 Abs. 600.

Schneider v. Collet (on error), OA. 5 Abs. 593.

Smith v. Smith, OA. 5 Abs. 599.

Songer v. Faulkner, OA. 5 Abs. 601.

South v. South, OA. 5 Abs. 594.

Taylor v. Kemple, OA. 5 Abs. 593.

Trepanier v. T. & O. C. Rd. Co., OA. 5 Abs. 596.

Worland v. McGill, OA. 5 Abs. 591.

Zaramba v. Pruchnicki, OA. 5 Abs. 592.

Zipperich, Exr. v. Vincent, et, OA. 5 Abs. 598.